UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YONSI RUDELSI AGUILAR-BAUTISTA,

Petitioner,

v.

BRIAN ENGLISH *et al.*,

Respondents.

CAUSE NO. 3:26cv533 DRL-SJF

ORDER TO SHOW CAUSE

Immigration detainee Yonsi Rudelsi Aguilar-Bautista, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

According to the petition, Mr. Aguilar-Bautista is a citizen of Guatemala who entered the United States in 2019 when he was 17 years old. He claims that after being served with a Notice to Appear in immigration court, he was transferred to the custody of the United States Department of Health and Human Services Office of Refugee Resettlement due to the fact that he was a minor. *See* 6 U.S.C. § 279. He claims that office, in turn, released him to the care of his older brother, who was living in Chicago, where he also settled.

In February 2026, he appeared in court in Chicago in connection with a domestic battery charge, which he claims was later dismissed. He says he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents as he was leaving the courthouse. He is currently being detained at Miami Correctional Facility pending the outcome of his removal proceedings. He asserts that the government has not given him an

opportunity to be released on bond while the removal proceedings are pending, though he is not a danger to the community or a flight risk. He seeks an order requiring that he be released from custody or provided a prompt custody redetermination hearing. It is unclear if he has moved for a custody redetermination by an immigration judge.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Aguilar-Bautista alleges that his continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. The court has jurisdiction to consider his detention.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined by the court, and in many other courts across the country. Specifically, the court joined a large majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *See De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.).

Notably, the court of appeals recently found in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are

arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

To the extent the respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *Aguilar*, and *Singh*, there is no need to rehash these same arguments. The parties may preserve these points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Mr. Aguilar-Bautista asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of today's claims.

Finally, Mr. Aguilar-Bautista includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility,

where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, he will be ordered to show cause why all respondents other than the Warden of Miami Correctional Facility should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition [ECF 1] by certified mail, return receipt requested, to the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; the Acting Attorney General of the United States; the Secretary of the Department of Homeland Security at the Office of General Counsel; the Acting Director of Immigrations and Customs Enforcement at the Office of the Principal Legal Advisor; the Director of Immigrations and Customs Enforcement Chicago Field Office at the Office of the Principal Legal Advisor; and the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition [ECF 1] to the Indiana Department of Correction; the Warden of Miami Correctional Facility at Miami Correctional Facility, and the United States Attorney for the Northern District of Indiana;

4

(3) ORDERS the Warden, the IDOC, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS the respondents to file an answer to the petition by **April 30, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including without limitation any administrative warrant issued for his February 2026 arrest pursuant to 8 U.S.C. § 1226(a); and

(5) GRANTS the petitioner until **May 8, 2026**, to file a reply in support of his petition, and to show cause why all respondents other than his immediate custodian should not be dismissed from the case.

SO ORDERED.

April 22, 2026                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court